IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01867-BNB

OLOYEA D. WALLIN, a.k.a. DONALD OLOYEA, a.k.a. OLOYEA WALLIN,

    Applicant,

v.

MICHAEL MILLER, Warden of Crowley County Correctional Facility,

    Respondent.

## ORDER DENYING MOTION TO RECUSE

On January 2, 2014, Plaintiff, Oloyea D. Wallin, filed a "Motion and Affidavit for Recusal of Magistrate Judge, ECF No. 22. I deny the motion based on the following findings.

Consideration for disqualifying magistrate judges is regulated by 28 U.S.C. § 455(a). Section 455(a) states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The general purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the "appearance of impropriety." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Under § 455(a), "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985,

992 (10th Cir. 1993).  "The decision to recuse is committed to the sound discretion of the district court."  *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citation omitted).

"The provisions of 28 U.S.C. § 455(a) do not command automatic disqualification of a judge, to the contrary, it is the duty of the judge who is allegedly biased to pass on the sufficiency of the allegations."  *See David v. City & County of Denver*, 837 F. Supp. 1094, 1095 (D. Colo. 1993).  A judge has an obligation not to disqualify himself unnecessarily.  *See Cooley*, 1 F.3d at 994; *David*, 837 F. Supp. at 1095.  A judge is obligated not to recuse when there is no occasion for him to do, just as he is  obligated to recuse when there is occasion to do so.  *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  If, however, whether § 455(a) requires disqualification is a close question, the balance tips in favor of recusal.  *See Nichols*, 71 F.3d at 352.

Under § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality.  *Id.* at 351; *Cooley*, 1 F.3d at 993.  The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.  *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

In applying the objective test, "the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question."  *Cooley*, 1 F.3d at 993.  Application of § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned.  *Id.*  Section 455(a) is not to be construed so broadly

that recusal would be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (citing *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)). Section 455(a) should not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. *See Cooley*, 1 F.3d at 993. The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice. *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

Mr. Wallin requests that I recuse myself because I am helping and acting as counsel for Respondent, and he will not be able to receive a fair hearing. Mr. Wallin contends that directing Respondent to file a Supplement to his Response and address affirmative defenses with respect to Claim Two was error because Respondent had access to the Application and elected not to address Claim Two in the Preliminary Response. Mr. Wallin's motion for my recusal is insufficient because it fails to show personal bias or prejudice. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

In the August 23, 2013 Order to File Preliminary Response, I directed Respondent to notify the Court in the Response if he did not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies. My addressing Respondent's failure either to raise affirmative defenses or state that he did not intend to address the defenses with respect to Claim Two does not prejudice Mr. Wallin. Respondent served Mr. Wallin with the Supplement, *see* ECF No. 21, and Mr. Wallin will be given the opportunity to reply to the Supplement. Therefore, Mr. Wallin's request

for recusal will be denied.  Accordingly, it is

    ORDERED that Mr. Wallin's Motion and Affidavit for Recusal of Magistrate Judge, ECF No. 22, is DENIED.

    DATED January 7, 2014, at Denver, Colorado.

                                    BY THE COURT:

                                    s/ Boyd N. Boland
                                    United States Magistrate Judge