IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01867-BNB

OLOYEA D. WALLIN, a.k.a. DONALD OLOYEA WALLIN, a.k.a. OLOYEA WALLIN,

    Applicant,

v.

MICHAEL MILLER, Warden, Crowley County Correctional Facility,

    Respondent.

## ORDER

Applicant is a Colorado Department of Corrections (DOC) inmate, who is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Applicant has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, challenging the execution of his sentence by the DOC. Specifically, Applicant challenges the Parole Board's use of allegedly false information in his Presentence Investigation Report to deny him parole and the failure to follow statutorial procedures in violation of his due process rights. Applicant has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On August 23, 2013, Magistrate Judge Boyd N. Boland directed Respondent to file a preliminary response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies. Respondent submitted a preliminary response on September 13, 2013. Applicant filed a Reply on October 22, 2013. Magistrate Judge Boland then directed Respondent to supplement the Response

and address Claim Two.  Respondent filed a Supplement on December 16, 2013, and argued that Claim Two should be denied because Applicant has not exhausted state court remedies.  Applicant replied to the Supplement on January 28 and February 25, 2014, and argued that he may challenge the denial of this parole application in federal court without first seeking review of the parole board's decision in the Colorado state courts.

After review of the Preliminary Response, Reply, and supplemental pleadings submitted by each party, Magistrate Judge Boland entered an order on April 2, 2014, that found pursuant to *Wildermuth v. Furlong*, 147 F.3d 1234, 1235 n.1 (10th Cir. 1998); *White v. People*, 866 P.2d 1371, 1373 (Colo. 1994) (noting that claims alleging an abuse of discretion by the parole board are not subject to judicial review in Colorado state courts), Applicant is not required to exhaust state court remedies regarding his two claims.  Nonetheless, because Applicant had appealed the denial of his parole as it pertains to Claim One, Magistrate Judge Boland found consideration of the claim should be deferred as a matter of comity.  Magistrate Judge Boland then directed Applicant to show cause why the action should not be dismissed as a mixed petition.

Applicant responded on April 25, 2014, and claimed the Colorado Court of Appeals had entered an opinion in the appeal on March 20, 2014, and Claim One now is exhausted.  Pursuant to Court order, Respondent responded to Applicant's Response and argued that Applicant still has not exhausted his state court remedies regarding Claim One because he has not petitioned for a writ of certiorari in the Colorado Supreme Court and because he had an appeal pending when he filed this action.

Because Applicant is not required to exhaust state court remedies when

challenging a parole decision and comity is not at issue, Claim One is not subject to exhaustion requirements. Therefore, Applicant is not precluded from proceeding with the two claims due to any exhaustion requirements.

Furthermore, as determined in the April 2, 2014 Order to Show Cause, Claim One is time-barred only as to the 2009 parole hearing. Finally, Respondent did not raise a time-bar affirmative defense with respect to Claim Two.

The Court also will deny Applicant's Motion to Amend, ECF No. 32, and his Motion for Preliminary Injunction and Temporary Restraining Order, ECF No. 6.

First, the Court will address the Motion to Amend. Applicant has failed to submit an Amended Application that presents all of his claims on the same Court-approved form. Applicant submitted a Motion to Amend, ECF No. 32, a Proposed Amendments to Application, ECF No. 33, and an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 34. The Amended Application includes only the two claims Applicant raised in the original Application. Pursuant to D.C.COLO.L.CivR 5.1(c), a *pro se* party shall use the forms established by the Court to file a pleading. Federal Rule Civil Procedure 83(a)(2) allows a federal district court's local rules to be enforced unless the failure to comply with a rule is "nonwillful." Applicant is very familiar with the Local Rules of this Court. Since 2003, Applicant has filed at least twenty cases in this Court and is well aware that he must assert his claims together on one Court-approved form. *See* U.S. District Court, District of Colorado, (Denver) CMECF. Based on Plaintiff's knowledge of Court procedures and his failure to include all claims on one Court-approved form, Applicant's noncompliance is willful. Therefore, the Court will deny Applicant's Motion to Amend and refrain from addressing the new claim Applicant

seeks to include in this action.

Second, the Court will address Applicant's Motion for Preliminary Injunction and Temporary Restraining Order. Applicant asks that the Court restrain Respondent from using the information in his PSI (Presentence Investigation Report) to determine whether Applicant is eligible for parole, ISP (Intensive Supervised Parole), or community corrections placement. Mot. Prelim. Injunction, ECF No. 6, at 1-2.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Plaintiff's request to disregard his PSI report alters the status quo, he must make a heightened showing of the four factors listed above with respect to

this request.  *See id.* at 1209.

For the following reasons, Applicant fails to assert a need for injunctive relief at this time.  Plaintiff's claim of irreparable harm is conclusory and vague.  He also does not demonstrate a substantial likelihood of prevailing on the merits or allege that his injury outweighs whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest.  The Motion for Preliminary Injunction and Temporary Restraining Order, therefore, will be denied.  According, it is

ORDERED that Applicant's Motion to Amend, ECF No. 32, is denied.  It is

FURTHER ORDERED that Applicant's Motion for Preliminary Injunction and Temporary Restraining Order, ECF No. 6, is denied.  It is

FURTHER ORDERED that based on the above findings the Application and action shall be drawn to a presiding judge and if appropriate to a magistrate judge.

DATED at Denver, Colorado, this  8th  day of    July   , 2014.

         BY THE COURT:

          s/Lewis T. Babcock
         LEWIS T. BABCOCK, Senior Judge
         United States District Court