IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01867-MSK-CBS

OLOYEA D. WALLIN,
    Applicant,
v.

MICHAEL MILLER, Warden of Crowley County Correctional Facility,,
    Respondent.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

CRAIG B. SHAFFER, United States Magistrate Judge

This civil action comes before the court on Mr. Wallin's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Petition), filed *pro se* on July 11, 2013   [Doc. # 1]. Pursuant to the Order of Reference issued December 18, 2014 [Doc. # 57], this case was referred to the Magistrate Judge to "issue a Report and Recommendation as to the disposition of the merits of the Petition."  The court has reviewed the Petition, Respondent's Response to Application for Writ of Habeas Corpus" ("Answer") (filed September 25, 2014) [Doc. # 48], the Motion to Dismiss Applicant's Application for Habeas Corpus (filed October 27, 2014) [Doc. # 50], Mr. Wallin's Response to the Respondent's Motion to Dismiss (filed December 1, 2014) [Doc. # 53], the entire case file, and the applicable law and is sufficiently advised in the premises.  The court recommends that the Petition be denied and that this civil action be dismissed.

## I. Statement of the Case

Mr. Wallin is in the custody of the Colorado Department of Corrections (CDOC) and was incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado, at the time

1

of filing. He was sentenced to a 14-year prison term, to be followed by three years of mandatory parole. [Doc. #1, at 3]. On September 24, 2014, Mr. Wallin was referred to Community Corrections placement and released from prison. [Doc. # 49; # 50, at 5; 50-1, at 4]. On May 11, 2015, he was paroled to the Denver West Metro Region. *See* www.doc.state.co.us/oss.

In the Petition, Mr. Wallin asserts that the Colorado Parole Board improperly relied on false information contained in a state criminal proceeding Presentence Investigation Report (PSR) to deny him parole and community corrections placement during the period 2009-2012, in violation of his federal due process and equal protection rights.[1] [Doc. # 1, at 4]. He further alleges that his procedural due process rights were violated during 2011 and 2012 parole review proceedings, which were held before only one Parole Board member, instead of a majority of the seven Parole Board members. [*Id.* at 5]. For relief, Mr. Wallin asks that the erroneous information transferred from his PSR to his prison file be removed and that he receive a new parole proceeding and a community corrections placement. [*Id.* at 7].

## II. Legal Standard

### A. Habeas Corpus Actions

An action brought by a federal prisoner pursuant to 28 U.S.C. § 2241 is one that challenges the execution of a sentence "and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.1997). A challenge to the denial of parole is properly brought under 28 U.S.C. § 2241. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n. 2 (10th Cir.2012) (noting that under Tenth Circuit precedent, "the types of claims cognizable under § 2241 are those in which an individual seeks either immediate

---

[1] The Court previously determined that Mr. Wallin's challenge to the 2009 parole hearing was time-barred pursuant to the one-year limitation period in 28 U.S.C. § 2244(d)(1) of the AEDPA. [Doc. # 29].

2

release from, or a shortened period of, physical imprisonment, i.e., placement on parole or in a parole-like custodial setting, or immediate release from, or a shortened period of, custody altogether.").

A district court is only authorized to issue the writ of habeas corpus when an applicant is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petitioner must satisfy the custody requirement at the time the habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

### B. *Pro Se* Litigant

Mr. Wallin is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). A court may not assume that an applicant can prove facts that have not been alleged or that a respondent has violated laws in ways that an applicant has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). An applicant's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**III. Analysis**

**A. Mootness**

Respondents[2] argue in the Motion to Dismiss that Mr. Wallin's claim are moot because he was released to a community corrections facility on September 24, 2014. It has now come to the Court's attention that Mr. Wallin was paroled on May 11, 2015.

Under Article III of the Constitution, federal courts may only adjudicate live cases or controversies. *Alvarez v. Smith*, 558 U.S. 87, 92 (2009). An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (internal quotation marks and citations omitted). A case becomes moot if an event occurs during the pendency of the action that "makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992). *See also Green v. Haskell County Bd. of Comm'rs,* 568 F.3d 784, 794 (10th Cir. 2009) ("If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required.") (internal quotation marks and citation omitted).

Because Mr. Wallin was released to community corrections and then paroled, he must demonstrate a "concrete and continuing injury" that is a collateral consequence of the erroneous information in his prison file that has been used to deny him parole and community corrections placement in the past. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Dumas v. U.S. Parole Comm'n*, No. 09-3327, 397 F. App'x 492, 493-94 (10th Cir. Oct. 7 2010) (unpublished) (concluding that petitioner who had been released on parole must show that he is subject to

---

[2]The Motion to Dismiss identifies Michael Miller, Warden, and Rick Raemisch, the CDOC Executive Director as Respondents in this action. However, the only proper Respondent to a § 2241 proceeding is the Warden, as reflected in the case caption. [*See* Doc. # 12, at n.1].

continuing "collateral consequences" as a result of the postponement of his parole release date).

Mr. Wallin's concern that he might be reincarcerated in the future and once again suffer the adverse effects of the erroneous information in his prison file are too speculative to save his otherwise moot claims. *See Spencer,* 523 U.S. at 15-16 (recognizing that the possibility a prisoner may violate the law upon his release from state confinement "does not constitute a sufficient collateral consequence to defeat mootness"); *McAlpine v. Thompson*, 187 F.3d 1213, 1217 (10th Cir. 1999) ("[F]or purposes of assessing the likelihood that state authorities will reinflict a given injury, we generally have been unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury."); *see also O'Shea v. Littleton*, 414 U.S. 488, 497 (1974) (stating that the federal court assumes that citizens "will conduct their activities within the law and so avoid prosecution and conviction").

Accordingly, because Mr. Wallin was released to a community corrections facility and then paroled, he no longer has a redressable injury arising from his claims challenging the denial of his requests for community corrections placement and parole between 2010-2012. *See Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir.1986) (per curiam) (dismissing appeal as moot because the petition challenged only determinations that delayed defendant's parole date and he already had been released on parole).  At this time, there is no remedy the Court could issue concerning the legality of Mr. Wallin's former detention. *See Spencer*, 523 U.S. at 18 ("But mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.  We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."); *see also Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012) (stating "the

best this court could do for [the petitioner] would be to declare [in an advisory opinion] that he spent longer in prison than he should have," which is not enough to satisfy Article III).

The court finds that Mr. Wallin fails to present a continuing case or controversy for purposes of Article III with respect to past CDOC decisions that denied him release from incarceration. Therefore, the Petition is moot and should be dismissed for lack of subject matter jurisdiction.

## B. Alternative Determination on the Merits

Even if the court reached the merits of Applicant's claims challenging past Parole Board decisions, Mr. Wallin is not entitled to federal habeas relief.

### 1. Due process

#### a. liberty interest in parole

The Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits the state deprivation of life, liberty, or property without due process of law. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Wallin was not deprived of life or property when he was denied release on parole. His claim therefore must implicate a constitutionally-protected liberty interest. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Generally, a liberty interest may arise from either the United States Constitution or state law. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998); *Boutwell v. Keating*, 399 F.3d 1203, 1213 (10th Cir. 2005) (recognizing that a state statute may "create a liberty interest when the statute's language and structure sufficiently limits the discretion of a parole board."). The Constitution itself does not create a protected liberty interest in a prisoner's release prior to the expiration of a valid sentence. *See Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011) (per

curiam); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Accordingly, Mr. Wallin must demonstrate that Colorado law affords him a legitimate claim of entitlement to parole.

Colorado's parole statute provides that the parole board "may parole any person . . . when such person has served his or her minimum sentence, less time allowed for good behavior, and there is a strong and reasonable probability that the person will not thereafter violate the law . . . . " COLO. REV. STAT. § 17–2–201(4)(a) (2014) (emphasis added). This discretionary language does not give rise to a liberty interest protected by the Due Process Clause. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 379 n. 10 (1987) ("[S]tatutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest."); *see also Malek v. Haun*, 26 F.3d 1013, 101516 (10th Cir.1994) (holding that Utah statute granted parole board complete discretion in making parole decisions and therefore did not create a liberty interest entitled to due process protection). Because Mr. Wallin does not have a liberty interest in parole, the Due Process Clause is not implicated by his allegations that the Parole Board considered erroneous information in his prison file in denying his parole. *See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir.1995) (although inmate complained that information relied on by parole board was "admittedly false," court held that inmate who has "no liberty interest in obtaining parole . . . , [ ] cannot complain of the constitutionality of procedural devices attendant to parole decisions"); *see also Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979) (holding that because the Oklahoma parole statutes did not establish a liberty interest in parole, "the specific due process procedures requested by the appellants are not applicable."); *Pettigrew v. Zavaras*, No. 12-1146, 574 F. App'x 801, 809-12 (10th Cir. July 30, 2014) (unpublished) (concluding that petitioner failed to state a substantive due process claim based on his allegations that the parole board considered false information in his prison

file concerning his criminal history in considering his application for parole, and citing *Orellana*).

### b. judicial review of parole board decision

Finally, even if Mr. Wallin has a constitutionally-protected liberty interest in parole, judicial review of the denial of parole is narrow because "parole determinations inherently do not lend themselves to concrete and identifiable standards." *Schuemann v. Colo. State Bd. of Parole*, 624 F.2d 172, 174 (10th Cir. 1980).  The parole board's decision regarding whether to release an inmate is "subtle and depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release." *Greenholtz*, 442 U.S. at 9-10.  "[T]he district court reviews the Parole Board's action for abuse of discretion, asking whether the Board's action resulted in an abridgement of the petitioner's constitutional rights." *Wildermuth v. Furlong*, 147 F.3d 1234, 1236 (10th Cir. 1998); *see also Schuemann*, 624 F.2d at 173 (stating that a court "may review [a] decision of the parole board to determine if it was arbitrary, capricious or an abuse of discretion.").  The court's "inquiry is only whether there is a rational basis in the record for [the parole board's] conclusions embodied in its statement of reasons." *Mulberry v. Neal*, 96 F.Supp.2d 1149, 1151 (D. Colo. 2000).

The Parole Board's 2010 decision to deny Mr. Wallin parole was based on the circumstances of his offense (second degree assault) and inadequate time served.  (Doc. # 72-1, at 1).  The decisions to defer parole in 2011 and 2012 were based on the severity and circumstances of his offenses.  (*See id.* at 2,3). The most recent decision to defer parole, in February 2014, was based on Mr. Wallin's high score on the Colorado Actuarial Risk Assessment Scale (i.e, risk of re-offense), an institutional conduct infraction, and the severity and circumstances of his offense.  (*See* Doc. # 48-1, at 3).

"Although the explanation[s] in the Notice[s] of Colorado Parole Board Action [are] terse,

there is no question that the factors considered were properly taken into account by the parole board. *Maine v. Timme*, No. 12-cv-02737-WJM-CBS, 2013 WL 3381366, at *4 (D. Colo. July 8, 2013) (citing *Schuemann*, 624 F.2d at 174) (recognizing that the nature of the crime(s) committed, the risk of re-offense, and the Board's concern about the short time served for a serious offense are sufficient and proper reasons to deny parole); *see also* § 17-22.5-404(4)(a) (setting forth non-exhaustive list of factors for parole board consideration, including the actuarial risk of reoffense and the circumstances of the offense); *see also* § 17-2-201(4), C.R.S. (stating that the Colorado parole board may not release an offender on parole unless "there is a strong and reasonable probability that the person will not thereafter violate the law and that release of such person . . . is compatible with the welfare of society."). Furthermore, "[i]t would be discordant to require unduly specific and detailed reasons from a Board vested with a subjective, predictive, and experimental function." *Id.*

Mr. Wallin contends that the Parole Board relied on inaccurate information in his prison file (as extrapolated from the PSR) to deny him parole, but he does not provide any specifics as to what information was inaccurate. As such, the Court has no basis to conclude that *all* of the information relied on by the Parole Board in determining that the severity and circumstances of the offenses warranted the denial of parole was false.[3] "'[W]here the denial of parole . . . rests on one constitutionally valid ground, the Board's consideration of an allegedly invalid ground would not violate a constitutional right.'" *Wildermuth*, 147 F.3d at 1236 (quoting *Bloodgood v. Garraghty*, 783 F.2d 470, 475 (4th Cir.1986)). *Accord Dye v. United States Parole Comm'n*, 558 F.2d 1376, 1379 (10th Cir. 1977) (rejecting federal prisoner's conclusory assertion that incorrect

---

[3] The burden is not on the Respondents to show what evidence was relied on by the Parole Board. The Supreme Court in *Greenholtz* made clear that "nothing in the due process concepts as they have thus far evolved [require] the Parole Board to specify the particular 'evidence'" in the inmate's file or at his interview on which it rests the discretionary determination that an inmate is not ready for conditional release." 442 U.S. at 16.

9

and inaccurate material in his presentence report caused the denial of his parole, where petitioner failed to "specify what information is incorrect, untrue, or prejudical"). And, finally, although Mr. Wallin states in the Application that he informed his case manager and other CDOC employees that there was false information in his PSR concerning his criminal history, he does not allege any facts to suggest that Colorado Parole Board members intentionally relied on false information in the PSR to deny him parole. *See Pettigrew*, 574 F. App'x at 813-14. The court thus finds that Mr. Wallin fails to demonstrate the parole board's decisions were arbitrary or an abuse of discretion, so as to violate due process.

### c. entitlement to a hearing before the full Parole Board

Mr. Wallin's contention that his parole hearings before a single Parole Board member violated due process is unavailing. As discussed previously, because Applicant does not have a constitutionally-protected liberty interest in parole, the procedures used by the state to deny parole do not implicate the Constitution. *See Orellana*, 65 F.3d at 31-32; *Shirley*, 603 F.2d at 807. In addition, Applicant does not have a right under Colorado law to a hearing before the full Parole Board. The applicable state statute expressly provides that on an offender's initial application for parole, one or more Parole Board members shall conduct a parole "interview." § 17-2-201(9)(a)(I), C.R.S.; *see also* § 17-22.5-303(5), C.R.S. ("Pursuant to section 17-2-201(9)(a), an interview of an inmate who applies for parole, who was sentenced for an offense committed on or after July 1, 1979, may be conducted by one member of the parole board."). Any final action requires the concurrence of at least two Parole Board members. § 17-2-201(9)(a)(I), C.R.S. The decision of the two members is the decision of the Board. Following the initial consideration, § 17-2-201(9)(a)(I) provides for a "review," in accordance with § 17-2-201(4)(a), C.R.S. Section 17-2-201(4)(a), C.R.S. does not require the full Board to reconsider the granting of parole, instead simply requires reconsideration within one or three years,

depending on the prisoner's crime.  See § 17-2-201(4)(a), C.R.S.  There is no language in the state parole statute that entitled Mr. Wallin to a parole hearing before the full Parole Board.

For all of the reasons discussed above, the Court finds that Mr. Wallin cannot prevail on his federal due process claim.

### 3. Equal protection claim

Mr. Wallin also contends that the denials of parole violated his equal protection rights.  He does not develop the factual basis of this claim in the Application.   To prevail on an equal protection claim, Applicant must demonstrate that the government treated him differently than similarly situated individuals.  See *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir.1996).  Mr. Wallin does not provide any specific factual allegations to show how he was treated differently than other similarly-situated prisoners with respect to his applications for parole or community corrections placement.  His conclusory allegations fail to show a constitutional deprivation.  See *Straley*, 582 F.3d at 1215. "[B]are equal protection claims are simply too conclusory to permit a proper legal analysis." The Court finds that the equal protection claim lacks merit and should be dismissed.

## IV.  Recommendation

For the reasons discussed above, IT IS RECOMMENDED that the Respondents' Motion to Dismiss Applicant's Application for Habeas Corpus (filed October 27, 2014) [Doc. # 50] be GRANTED and that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. # 1] be denied and this civil action be dismissed without prejudice for lack of subject matter jurisdiction.  In the alternative, the Petition should be dismissed on the merits.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir.1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for de novo review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir.1996). Failure to make timely objections may bar de novo review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir.1999) (District Court's decision to review a Magistrate Judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir.1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir.1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales–Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated May 13, 2015, at Denver, Colorado.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge