**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 13-cv-01867-MSK-CBS

OLOYEA D. WALLIN,

    Petitioner,

v.

MICHAEL MILLER, Warden of Crowley County Correctional Facility,

    Respondent.

---

**OPINION AND ORDER ADOPTING RECOMMENDATION
AND GRANTING MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court on Magistrate Judge's Recommendation (**#73**) that the Court grant the Respondent's Motion to Dismiss the Applicant's Application for Habeas Corpus (**#50**). The Petitioner Oloyea D. Wallin filed Objections (**#74**) to the Recommendation.

## BACKGROUND

Mr. Wallin filed a *pro se* Application for A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (**#1**) while incarcerated by the Colorado Department of Corrections (CDOC) at the Crowley County Correctional Facility.[1] In his application, Mr. Wallin asserted that the CDOC had denied his requests for parole, referral to Intensive Supervision Program, and community corrections placement multiple times due to an incorrect criminal history reported in a

---

[1] The Court is mindful of Mr. Wallin's *pro se* status, and accordingly, reads his filings liberally. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594 (1972); *see also Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007).

1

Presentence Investigation Report. In addition, he asserted that during at least two of his yearly parole hearings, he appeared before only one parole board member rather than the entire board.

The Respondent moved to dismiss Mr. Wallin's Petition, as moot (**#50**), because Mr. Wallin had been released from custody and moved to a community corrections facility (**#49**). The motion to dismiss was referred to the Magistrate Judge, who recommended that the Motion be granted and the Petition be denied due to mootness, or alternatively on its merits (**#73**). The Magistrate Judge specifically noted that after being moved to community corrections, Mr. Wallin was paroled. Mr. Wallin objected (**#74**) to the Recommendation, contending that 1) he remains under CDOC supervision and that the errors in the Presentence Report could cause him future harm, and 2) that the Magistrate Judge erred in finding that Mr. Wallin could not prevail on the merits.

## STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court reviews *de novo* determination those portions of the recommendation to which a timely and specific objection is made. *See U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.,* 73 F.3d 1057, 1060 (10th Cir. 1996).

Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction. *See McClendon v. City of Albuquerque,* 100 F.3d 863, 867 (10th Cir. 1996). At all stages of the case, the parties must have a "personal stake in the outcome" of the lawsuit. *Spencer v. Kenma,* 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990)). In other words, the petitioner must have

suffered an actual injury that is traceable to the respondent and can be redressed by a favorable decision. *Spencer*, 523 U.S. at 7. An issue becomes moot if it is "impossible for the court to grant 'any effectual relief whatsoever' on that issue to a prevailing party," *See United States v. Hahn,* 359 F.3d 1315, 1323 (10th Cir. 2004) (quoting *Smith v. Plati,* 258 F.3d 1167, 1179 (10th Cir. 2001)).

## ANALYSIS

The Respondent argues that Mr. Wallin's Application is moot because he is no longer in custody, having first been placed in community corrections and then paroled.

A petitioner's challenge to the validity of his conviction satisfies the case-or-controversy requirement. *See Spencer*, 531 U.S. at 7. But when the challenge is not to the validity of the underlying conviction, but instead to length of incarceration, the petition becomes moot if the petitioner's term of incarceration is completed or he is paroled. *See e.g. Aragon v. Shanks,* 144 F.3d 690, 692 (10th Cir. 1998); *Dumas v. U.S. Parole Com'n*, 397 Fed. Appx. 492, 493-94 (10th Cir. 2010).

Here, Mr. Wallin does not attack his conviction. He attacks only the CDOC's refusals to release him from incarceration to community corrections or parole based on an incorrect criminal history in a Presentence Investigation Report. Regardless of the contents of Mr. Wallin's Presentence Investigation Report, he has now received the relief that he requested in his application - he has been released into community corrections and is now on parole. As in *Spencer*, the CDOC's previous denials of release—and the additional period of incarceration Mr. Wallin suffered as a result—are over and cannot be undone. Thus, Mr. Wallin's claim is moot

and must be dismissed, unless an exception to the mootness doctrine applies. *Riley v. INS*, 310 F.3d 1253, 1256–57 (10th Cir. 2002).[2]

Mr. Wallin bears the burden of demonstrating that an exception applies. *United States ex rel. Hafter v. Spectrum Emergency Card, Inc.,* 190 F.3d 1156, 1160 (10th Cir. 1999). He argues that there is a possibility he will be returned to a CDOC prison and, if so, he will suffer "from the inaccurate and prejudicial information in his file that prevents him (and had repeatedly prevented him) from obtaining community corrections placement or parole." In other words, Mr. Wallin argues that there is a wrong capable of repetition yet evading review. This exception applies "where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer,* 523 U.S. at 17 (internal quotations and citations omitted). Mr. Wallin's argument satisfies neither of these conditions. Whether he will be returned to prison is based on speculation, but in addition, any correlation between a return to prison and the criminal history in his Presentence Report is speculative. Should such event occur, there is no showing that Mr. Wallin would be unable to challenge it at that time.

Finding Mr. Wallin's Petition to be moot, the Court finds that it lacks jurisdiction in this matter, and the Court declines to address the Petition on its merits.

---

[2] The Court should not dismiss a petition as moot if "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *See Riley,* 310 F.3d at 1257.

4

## CONCLUSION

For the foregoing reasons, Mr. Wallin's Objections (**#74**) to the Recommendation are overruled. The Court **ADOPTS** the Recommendation of the Magistrate Judge and **GRANTS** the Respondent's Motion to Dismiss (**#50**). The Petitioner's Application for Habeas Corpus (**#1**) is **DENIED** as moot. The Clerk shall close this case.

Dated this 6th day of July, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge